Matter of the Application of the PUBLIC SERVICE COMMISSION FOR THE FIRST DISTRICT for a Writ of Mandamus against the NEW YORK AND QUEENS GAS COMPANY for the Extension of Its Gas Mains and Service to Douglaston and Douglas Manor, in the Borough of Queens.

(Supreme Court, New York Special Term, June, 1918.)

Public Service Commissions Law, § 74 — certiorari — mandamus — motions and orders.

> An order of the public service commission directing respondent to extend its gas mains and service pipes in such manner as would be required " reasonably to serve with gas " a certain locality existing beyond the terminus of its mains was reviewed on certiorari and through the mediate juridical channels arrived in the Supreme Court of the United States, where the order of the Court of Appeals sustaining the commission's direction was in effect affirmed.   Subsequently a rehearing was had before said commission and annulment of said order was refused, which determination, upon the hearing of a second writ of certiorari, the Appellate Division declined to interfere with because of lack of a showing of abuse of discretion in such refusal.   *Held,* that a motion by said commission under section 74 of the Public Service Commissions Law for a writ of mandamus to compel respondent's obedience to its order will be granted.

APPLICATION by the public service commission for the first district for a writ of mandamus, under section 74

Supreme Court, June, 1918.          [Vol. 103.

of the Public Service Commissions Law, to compel the construction of gas mains and the furnishing of gas service within the defendant's franchise area. Motion by counsel for the commission for judgment upon the averments of the petition of the commission and the answer of the company thereto. Motion granted and writ of mandamus issued as prayed for.

William L. Ransom and Godfrey Goldmark, for petitioning Public Service Commission and motion.

John A. Carver and Curtis A. Peters, for New York and Queens Gas Company, in opposition.

W. H. Van Steenbergh, for Douglaston Civic Association.

McAvoy, J. The public service commission issued an order directing the respondent to extend its gas mains and service pipes in such manner as would be required " reasonably to serve with gas " that section of the borough of Queens known as Douglaston, located about a mile and a half beyond the existing terminus of the company's mains. Thereafter this order was reviewed by certiorari, and through the mediate juridical channels arrived in the Supreme Court of the United States, where the order of the Court of Appeals sustaining the commission's direction was in effect affirmed. Subsequently a rehearing was had before the commission and annulment of this order was refused, which determination, in a second writ of certiorari, the Appellate Division declined to interfere with because of lack of a showing of abuse of discretion in such refusal.

This proceeding seeks to compel the compliance of the respondent with the order promulgated· by the direction of a writ of mandamus of this court. Interposing the same grounds of objection to the enforce-

ment of the order as have been heretofore urged, the respondent would have the court rehear these pleas as upon a trial of the issues, with a view to making a diverse finding to that which has been heretofore adjudged.

This, it seems to me, ought not to be done unless the regulatory law is to be frustrated by a very facile device. A complete scheme of review of the commission's determination is provided for in the proceeding by way of writ of certiorari wherein the questions of due process, reasonableness, power, adequacy of return, difficulty of financing operations and other cognate matters may be examined by judicial tribunals and arbitrary, onerous, confiscatory and capricious decisions annulled. To assert that after such mode of revision has been availed of the whole proceeding is capable of resuscitation on the request for the mandatory relief of the judicial power seems to carry its own refutation. The law requires an inquiry into the facts and circumstances involved, but this obviously has to do with facts or circumstances surrounding the issuance of the direction of the commission and the response in obedience of the utility company. Of course the court may dismiss the petition if obedience is shown or a reasonable promptness in compliance is indicated, or it may make an order for such modified relief as appears to be right according to the facts and circumstances disclosed as to compliance or attempted or projected compliance with the order. This is the effect of the provision of section 74 of the Public Service Law, to which animadversion was made on the trial as squinting at a possible grant of power to overlook anew the reasonableness and opportuneness of the original direction.

That conditions may change ad interim the issuance of the commission's order and the application for the

mandamus writ in respect of cost of the projected improvement and likelihood of adequate return is axiomatic.   It would be impossible for a court even to ignore judicially what is know to it personally as a fact of wide-spread incidence that the scheme contemplated in 1915 would be a very much more burdensome undertaking now.   This may reach a complete annihilation of the company's general profits and an abandonment of its business as a going concern, according to the respondent's statements.

That the project itself, considered as an independent entity, will be unprofitable is no ground for refusing to comply with the order for its execution, but a scheme the fulfillment of which would wipe out all returns on the general property would be so confiscatory as to amount to an arbitrary and capricious exercise of power to be restrained by the judicial branch of the state in appropriate process.   But even if the enforcement of this order be so drastic in its effect because of the noted appreciation of costs of construction and operation of such an improvement, yet the method of finding relief is committed to these administrative officers in the first instance, whose discretion is reviewable for abuse in the manner prescribed.

Indeed it seems that this very procedure has been availed of by respondent, and that the commission has denied anew the relief on the grounds mentioned. This refusal to reopen the proceeding has been held outside of any abuse of discretion by the Appellate Division on review, and I must assume that counsel so astute has not neglected an opportunity to point out that the imposition of this burden would be certainly a death warrant of the company's incorporeal entity, and that such showing as was made was weighed in the judicial balance and found wanting.

The pleadings as they come here raise no justiciable

controversy of fact, and the offer of evidence to sustain the allegations of the answer is refused, which ruling compels a direction for the final order for the mandatory relief demanded.

Ordered accordingly.